**BALL CORPORATION, Plaintiff,**

v.

**AMERICAN NATIONAL CAN COMPANY, Defendant.**

**Cause No. IP 91–434–C.**

United States District Court,
S.D. Indiana,
Indianapolis Division.

Oct. 13, 1993.

Robert E. Wagner, Alan L. Barry, Micheal D. Lake, Bradley F. Rademaker, Jeffrey R. Gargano and Paul S. Hansra, Wallenstein, Wagner & Hattis, Ltd., Anton R. Valukas and William D. Heinz, Jenner & Block, Chicago, IL, Jerry E. Hyland, Barnes & Thornburg, Indianapolis, IN, for defendant, American Nat. Can Co.

Clyde F. Willian, Steven Z. Szczepanski, Frank C. Nicholas and Michael H. Baniak, Willian, Brinks, Olds, Hofer, Gilson & Lione, Chicago, IL, David H. Badger, Daniel L. Boots and Gerald H. Glanzman, Willian, Brinks, Olds, Hofer, Gilson & Lione, Indianapolis, IN, for plaintiff, Ball Corp.

## ORDER

McKINNEY, District Judge.

 Ball has filed a motion for partial dismissal for lack of subject matter jurisdiction. The Court for the reasons set out below now GRANTS that motion.

The Court has trifurcated this patent case. The case was divided for separate considerations of infringement, validity, and damages. The Court was told at the outset that the first two phases together would take a considerable amount of time to try. The theory for this division was two-fold. The initial thought was that separation of these issues would allow a jury to comprehend and appreciate the intricacies of the patent and the technical analysis of the products and processes accused with the requisite acumen to render a fair and just decision. The trial itself supports that concern. The jury of laypersons was introduced to principles of finite, non-linear mathematical analysis, radial and hoop stress, and various other mechanical and structural engineering principles. To suggest that it is difficult to understand and apply these principles is an understatement.

The secondary thought was that time and expense would be saved if a finding of non-infringement would result from the first phase. This secondary concern was not based on research into the relationship between declaratory judgments and patent validity challenges. The Court had not decided for a certainty that the case would not continue on after a finding of non-infringement. This Court had not considered nor anticipated *Cardinal Chemical Co. v. Morton International, Inc.,* —— U.S. ——, 113 S.Ct. 1967, 124 L.Ed.2d 1 (1993) at the time the decision to trifurcate was made.

The patents in issue in this case contained many claims, some dependent and some independent. The plaintiff decided before trial and for the purposes of trial the number of claims that it wished to pursue and the number of defendant's products and processes it wished to accuse. The jury has now spoken. Fourteen products and processes of the defendant have been found not to infringe the twelve claims of the two patents.

The issue now is whether there is any reason to continue to the second phase of the trifurcation. Defendant wants the opportunity to present its defenses and its request for declaratory judgment to this jury. Plaintiff suggests that the Court dismiss the declaratory judgment for lack of jurisdiction.

ANCC has urged that *Cardinal* compels the movement of this case into the second phase. This Court disagrees. *Cardinal* deals with a policy of the Federal Circuit and leaves undisturbed the current issue of declaratory judgment jurisdiction in a trifurcated trial after a finding of non-infringement.

The requirement for the exercise of declaratory judgment jurisdiction is the existence of a controversy. This is an established concept with which both parties agree. A declaratory judgment remedy is made available in patent cases to prevent a patentee from

intimidating a potential competitor into abandonment of a competing enterprise or perhaps some other management decision not otherwise voluntarily driven. The remedy forces the patentee to show its hand, to sue or abandon its intimidation. Thus, declaratory judgment relief is available to settle an uncertainty when the patentee chooses to threaten rather than litigate.

The issue here then is whether there remains any controversy of the kind contemplated by the declaratory judgment statute. Does there remain any threat to ANCC after this verdict? Is ANCC being intimidated into some present economic quandary by Ball? ANCC, in its response to Ball, has acknowledged that "There is also no dispute that the declaratory plaintiff must have actually produced or prepared to produce infringing products or processes." ANCC asserts that it has a reasonable apprehension that it will be sued for infringement on can ends and processes it currently makes or in the past has made.

Ball makes a statement in its reply brief that puts to rest any apprehension that it intends to sue ANCC further for other past or present products or processes. Plaintiff has submitted in its reply brief that "ANCC's current products and processes are covered by the jury's verdict ..." Thus, none of the current products or processes of defendant not accused in this case are or will be accused by Ball. This admission illustrates that there is no "danse macabre" by Ball or potential "in terrorem" decision by ANCC as anticipated by Judge Markey in *Arrowhead Industrial Water, Inc. v. Ecolochem, Inc.*, 846 F.2d 731–735 (CA Fed.1988).

ANCC has expressed a concern that if the Court does not allow it to address the declaratory judgment they would be concerned with future tool changes and the resulting products being threatened by the Ball patent. ANCC's counsel mentioned that concern after the verdict was received. ANCC has not, however, suggested in its brief that there exists any current plan for change that is in jeopardy.

There exists no controversy between Ball and ANCC that is anticipated by the declaratory judgment statute. Ball has submitted to the Court that ANCC has not produced additional infringing products. It has offered that the current products and processes of ANCC are covered by the instant verdict. This submission has relieved the Court from research into the fields of issue preclusion and collateral estoppel.

The Court NOW ENTERS JUDGMENT on the jury's verdict and DISMISSES the declaratory judgment motion of ANCC without prejudice.

IT IS SO ORDERED.